# EXHIBIT "A"

Electronically Filed
10/26/2018 9:41 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
EDWARD J. WYNDER, ESQ.
Nevada Bar No. 13991
NETTLES | MORRIS
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
Telephone: (702) 434-8282
Facsimile: (702) 434-1488
brian@nettlesmorris.com
christian@nettlesmorris.com
edward@nettlesmorris.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JENNIFER HUTSON, an individual, | CASE NO.:  A-18-783512-C |
| | DEPT NO.: |
| Plaintiffs, | Department 1 |
| vs. | |
| WILLIAM HENRY KRANZ, IV, an individual; SEASONS EXPEDITE, LLC, a Nevada limited liability company; DOES 1 through 10; ROE CORPORATIONS 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30 | **COMPLAINT** |
| Defendants. | |

COMES NOW, Plaintiff, JENNIFER HUTSON ("Plaintiff") by and through her counsels, Brian D. Nettles, Esq., Christian M. Morris, Esq., Edward J. Wynder, of the law firm of NETTLES MORRIS, and for her causes of action against Defendants above named, complains and alleges as follows:

1

## GENERAL ALLEGATIONS

1. Plaintiff Jennifer Hutson ("Plaintiff") is a citizen of Grayson County, Texas, and, at all relevant times, was present in Bryan County, Oklahoma.

2. On information and belief, WILLIAM HENRY KRANZ, IV ("Defendant Kranz") is a citizen of Clark County, Nevada and, at all relevant times, was present in Bryan County, Oklahoma.

3. On information and belief, SEASONS EXPEDITE, LLC ("Defendant Seasons") is, and at all relevant times was, is a Nevada Limited Liability Company.

4. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants Doe Individuals 1 through 10, Roe Corporations 11 through 20, and ABC Limited Liability Companies 21 through 30 (collectively referred to as "Doe/Roe/ABC Defendants"), inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this Complaint accordingly.

5. On information and belief, Doe/Roe/ABC Defendants participated in the ownership, maintenance, inspection, design, repair, construction, manufacture, improvement, alteration, management, control, entrustment, supervision, execution, driving, and/or operation of the vehicles and/or roads involved in this action; Doe/Roe/ABC Defendants include, but are not limited to, owners, operators, drivers, passengers, family members, principals, employers, mechanics, contractors, manufacturers, supervisors, insurers, designers, engineers, governmental authorities, and their agents, servants, representatives, employees, partners, joint venturers, related companies, subsidiaries, parents, affiliates, predecessors, and/or successors in interest.

6. On information and belief, Doe/Roe/ABC Defendants are responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

7. On information and belief, Doe/Roe/ABC Defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions against Plaintiff of which Plaintiff is presently unaware. On

2

information and belief, at all times herein mentioned, certain of the Defendants acted as the agent, servant, representative, employee, partner, and/or joint venturer of certain other Defendants, and at all said times were acting in the full course and scope of said agency, service, representation, employment, partnership, and/or joint venture.

8. On information and belief, on October 31, 2016, and at all relevant times, Defendant Seasons was the registered owner of a white 2017 Hino Tractor with California tag number "45155W1" and Vehicle Identification Number "5PVNJ8JV0H4S63735" ("Subject Truck"), operated by Defendant Kranz and involved in the motor vehicle collision referenced herein in Bryan County, Oklahoma.

9. On information and belief, on October 31, 2016, Defendant Seasons was engaged in business as an interstate motor carrier transporting goods for compensation in and/or through Bryan County, Oklahoma.

10. On information and belief, on October 31, 2016, Defendant Kranz was a professional truck driver and was an employee of Defendant Seasons.

11. On October 31, 2016, Defendant Kranz was driving the Subject Truck for Defendant Seasons and with Defendant Seasons' permission.

12. Upon information and belief, on or about October 31, 2016, Plaintiff was driving northbound on Highway 69 in Durant, Oklahoma.

13. At the same time and place, Defendant Kranz was operating the Subject Truck travelling northbound on Highway 69 directly behind Plaintiff.

14. On that date, Plaintiff stopped for a red traffic light at the intersection of Highway 69 and Choctaw Road. After Plaintiff had stopped, Defendant Kranz failed to slow his vehicle and crashed into the rear end of Plaintiff's Vehicle (the "Subject Collision").

15. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered injuries to her body as well as pain and suffering.

16. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff suffered lost income.

3

17.  As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

18.  Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

19.  As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## FIRST CAUSE OF ACTION

### (Negligence)

20.  Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 19 as though fully set forth herein.

21.  Defendant Kranz owed a duty of care to Plaintiff to use due care in operating the Subject Truck.

22.  Defendant Kranz breached that duty by failing to use due care in operating the Subject Truck.

23.  Further, at the time of the Subject Collision, as a professional truck driver, Defendant Kranz had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and the industry and corporate standards and guidelines emanating from these safety regulations, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.110, 383.111, and 383.113 and the mandates of 49 CFR Sections 390-395,

24.  Further, at the time of the Subject Collision, Defendant Kranz had a duty to drive in conformance with Oklahoma law, including, but not limited to, the law against following too closely as set forth in O.S. 47 § 11-310.

25.  Plaintiff belongs to a class of persons that the aforementioned regulations and laws were intended to protect.

26.  On information and belief, at the time of the Subject Collision, Defendant Kranz breached his duties under the Federal Motor Carrier Safety Regulations by:

4

a) Failing to keep a lookout for vehicles and traffic ahead;

b) Failing to perform a proper visual search;

c) Failing to properly manage his space;

d) Following too closely;

e) Failing to yield the right of way to vehicles in front of him on the roadway;

f) Failing to drive at a safe and reasonable speed under the conditions;

g) Failing to drive defensively;

h) Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public, including Plaintiff, in grave danger;

i) Failing to adhere to safe driving principles expected of professional drivers;

j) Failing to operate the Subject Truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

k) Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

l) Such other specifications of negligence that shall be added by amendment or proven at trial.

27. On information and belief, at the time of the Subject Collision, Defendant Kranz breached his duties under O.S. 47 § 11-310 by following Plaintiff's vehicle more closely than was reasonable and prudent given the traffic and road conditions, thereby causing a collision with Plaintiff's Vehicle.

28. On information and belief, Plaintiff's injuries were the type against which the aforementioned laws and regulations were intended to protect.

29. Under the doctrine of *negligence per se*, the violation of these laws and regulations constituted a breach of a duty owed to Plaintiff by Defendant Kranz.

30. Breach of these duties by Defendant Kranz was the legal/proximate cause of each of Plaintiff's injuries.

31. It is further alleged that Defendant Kranz was acting within the scope of his employment with Defendant Seasons at the time the Subject Collision occurred.

32. Under the doctrine of *respondeat superior,* Defendant Seasons is liable for the acts and omissions of Defendant Kranz because Defendant Kranz was Defendant Season's employee/agent/contractor and was acting within the scope of his employment when he rear-ended Plaintiff's Vehicle and caused physical injury to Plaintiff.

33. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered injuries to her body as well as pain and suffering.

34. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff suffered lost income.

35. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

36. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

37. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

## SECOND CAUSE OF ACTION

**(Negligent Entrustment against DEFENDANT Seasons)**

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 as though fully set forth herein.

39. On information and belief, Defendant Seasons entrusted the Subject Truck to Defendant Kranz, an inexperienced and/or incompetent driver.

40. Defendant Seasons owed Plaintiff a non-delegable duty to exercise due care in the selection of individuals with whom it entrusted the Subject Truck.

41. Defendant Seasons breached that duty by entrusting the Subject Truck to Defendant Kranz.

42. The negligent entrustment by Defendant Seasons was an actual and proximate cause of Plaintiff's injuries.

43. Breach of this duty by Defendant Seasons was a proximate and legal cause of Plaintiff's injuries.

44. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered injuries to her body as well as pain and suffering.

45. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff suffered lost income.

46. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

47. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

48. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

### THIRD CAUSE OF ACTION

**(Negligent Hiring, Training, Retention, and Supervision against Defendant Seasons)**

49. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 48 as though fully set forth herein.

50. Defendant Seasons owed a non-delegable duty to Plaintiff to exercise due care in the selection, training, oversight, direction, retention, and control of their employees/agents/contractors, including Defendant Kranz.

51. Defendant Seasons breached its non-delegable duty to Plaintiff by failing to properly hire, retain, train, staff, and supervise Defendant Kranz.

52. Defendant Seasons' breach of its duties was a proximate and legal cause of Plaintiff's injuries.

53. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered injuries to her body as well as pain and suffering.

54. As a direct and proximate result of the actions or omissions of Defendants, and each of them, Plaintiff suffered lost income.

55. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required to obtain medical services and treatment and may, in the future, be required to obtain additional medical services and treatment.

56. Plaintiff has been damaged by the negligence of Defendants, and each of them, in an amount in excess of $15,000.00.

57. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has had to retain the services of the law offices of Nettles Morris to pursue this action and is entitled to recover costs of suit and reasonable attorney's fees incurred herein.

**WHEREFORE**, Plaintiff prays for relief against Defendants as follows:

1. For damages in excess of $15,000.00 for medical expenses, lost income, pain and suffering, and punitive damages;
2. For interest as permitted by law;
3. For costs and attorney's fees; and
4. For such other and further relief as the Court deems proper.

DATED this 26th day of October, 2018.

NETTLES | MORRIS

BRIAN D. NETTLES, ESQ.
Nevada Bar No. 7462
CHRISTIAN M. MORRIS, ESQ.
Nevada Bar No. 11218
EDWARD J. WYNDER, ESQ.
Nevada Bar No. 13991
1389 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Plaintiff*

8